UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | CV 24-07019-MWF (BFMx) | Date: November 13, 2024 |
| Title: | Jasmine Torres v. SCIS Air Security Corporation et al. | |

Present: The Honorable **MICHAEL W. FITZGERALD, U.S. District Judge**

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [12]

Before the Court is Plaintiff Jasmine Torres's Motion to Remand (the "Motion"), filed on September 18, 2024. (Docket No. 12). Defendant SCIS Air Security Corporation filed an Opposition on October 7, 2024. (Docket No. 16). Plaintiff filed a Reply on October 14, 2024. (Docket No. 17).

The Court has read and considered the papers on the Motion and held a hearing on **October 28, 2024**.

The Motion is **GRANTED** and the action is **REMANDED** to Los Angeles Superior Court. Defendant has failed to proffer sufficient evidence to establish that the amount-in-controversy exceeds $5,000,000.

**I.    BACKGROUND**

Plaintiff commenced this action in Los Angeles County Superior Court on July 17, 2024. (Complaint (Docket No. 1-3)). Plaintiff alleges that Defendant (1) failed to pay overtime wages under California Labor Code sections 510 and 1194; (2) failed to provide meal periods in accordance with Labor Code section 512, etc., and to pay one additional hour of pay for each workday that meal periods were not provided as required by Labor Code section 226.7; (3) failed to provide rest periods as required by applicable Wage Orders and to pay one additional hour of pay for each workday that rest periods were not provided as required by Labor Code section 226.7; (4) failed to pay minimum wages in violation of Labor Code sections 1194 and 1197; (5) failed to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-07019-MWF (BFMx)          **Date:** **November 13, 2024**
**Title:**     Jasmine Torres v. SCIS Air Security Corporation et al.

pay timely wages in violation of Labor Code sections 201–03; (6) failed to provide accurate wage statements in violation of Labor Code section 226; (7) failed to reimburse necessary business expenses in violation of Labor Code sections 2800 and 2802; and (8) violated California's Unfair Competition Law under California Business & Professional Code sections 17200 *et seq*. (*See generally id.*).

On August 19, 2024, Defendant removed this action by invoking the Court's federal question jurisdiction under the Class Action Fairness Act ("CAFA"). (Notice of Removal (Docket No. 1) ¶ 7).

**II.**     **DISCUSSION**

Defendant removed this action based on federal question jurisdiction under CAFA, which requires that the matter in controversy must exceed $5,000,000, the number of plaintiffs must be 100 or more, and any member of a class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d). "Thus, unlike other civil actions, where there must be complete diversity between named plaintiffs and defendants, CAFA requires only what is termed 'minimal diversity.'" *Broadway Grill Inc. v. Visa Inc.*, 856 F.3d 1274, 1276-77 (9th Cir. 2017) (quoting 28 U.S.C. § 1332(d)(7)).

"[T]he amount-in-controversy allegation of a defendant seeking federal-court adjudication should be accepted when not contested by the plaintiff or questioned by the court. In the event that the plaintiff does contest the defendant's allegations, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 82 (2014).

In demonstrating that the amount in controversy exceeds the jurisdictional minimum, a defendant "may rely on reasonable assumptions." *Arias v. Residence Inn*, 936 F.3d 920, 922 (9th Cir. 2019). "Such 'assumptions cannot be pulled from thin air but need some reasonable ground underlying them.'" *Id.* at 925 (quoting *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015)). "An assumption may be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-07019-MWF (BFMx)          **Date:** November 13, 2024
**Title:**     Jasmine Torres v. SCIS Air Security Corporation et al.

reasonable if it is founded on the allegations of the complaint." *Id.* at 925 (citation omitted).

Defendant claims in its Notice of Removal that $6,553,236.50 is in controversy in this action. (Notice of Removal ¶ 54). Defendant provides the following table outlining the asserted amounts in controversy, broken out by Plaintiff's claims for relief:

| Claim | Estimated Exposure |
|---|---|
| Minimum Wages | $526,260 |
| Overtime Wages | $540,222 |
| Meal/Rest Periods | $3,601,480 |
| Waiting Time Penalties | $574,627.20 |
| **Sub-Total** | **$5,242,589.20** |
| Attorneys' Fees | $1,310,647.30 |
| **Total** | **$6,553,236.50** |

(*Id.*).

The "estimated exposure" to Plaintiff's meal and rest period claims is the central reason Defendant claims entitlement to federal jurisdiction, as those claims constitute nearly 55% of the amount in controversy, under Defendant's calculation. As this number is wholly unsupported and is reliant on a fundamental misreading of the Complaint, this action must be remanded.

Defendant submitted the Declaration of Risha Edwards, the "Head of People Operations" at Defendant, in support of its Notice of Removal. (Declaration of Risha Edwards ("Edwards Decl.") (Docket No. 1-1)). Ms. Edwards states that "Defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 24-07019-MWF (BFMx) | **Date:** November 13, 2024 |
| **Title:** Jasmine Torres v. SCIS Air Security Corporation et al. | |

had approximately 267 non-exempt employees in California within the putative class who worked approximately 17,900 total workweeks" between July 17, 2020, and August 13, 2024.  (Notice of Removal ¶ 42 (citing Edwards Decl. ¶¶ 7, 11)).  These employees were paid an average hourly rate of $20.12.  (Edwards Decl. ¶ 8).

Next comes the fatal flaw in Defendant's chain of reasoning.  Defendant claims that Plaintiff alleged in the Complaint that Defendant had "a pattern and practice of failing to provide legally mandated meal and rest breaks or pay related premium wages."  (Notice of Removal ¶ 41 (citing Complaint ¶¶ 24, 26-28, 56-61, 68-70)).  On this basis, Defendant contends that "[a] conservative estimate" of Defendant's exposure "is unnecessary."  (*Id.*).  Defendant then assumes that *every member* of the putative class missed *five meal periods and five rest periods* every week each was employed.  (*Id.* ¶ 42).  Defendant therefore assumes a 100% violation rate--combining the meal and rest periods, this leads to a calculated amount of $3,601,480.  (*Id.* ¶ 43).  (The calculations for both the meal and rest period claims, as performed by Defendant, are identical: $20.12 (average hourly rate) x 5 meal/rest periods x 17,900 work weeks = $1,800,740.  (*Id.* ¶ 42).  Defendant performs this calculation twice—once for rest periods, once for meal periods.  (*Id.*).).

Defendant claims that $6,553,236.50 is in controversy, in total.  (*Id.* ¶ 54).  Therefore, if Defendant's purported amount of meal and rest period exposure is inflated by more than $1,553,236.50, Defendant is not entitled to federal jurisdiction.  Defendant's claim to jurisdiction must fail because a "pattern and practice" allegation does not support a 100% violation rate, and Defendants have therefore pulled an assumption "from thin air."  *Ibarra*, 775 F.3d at 1199.  Further, as Plaintiff points out, even a 50% violation rate would not support federal jurisdiction.  (*See* Reply (Docket No. 17) at 14-15).

To determine whether a defendant's assumptions are reasonable, a court begins with the allegations in the complaint.  *Arias*, 936 F.3d at 922.  Therein, Plaintiff makes the following relevant allegations:

> *As a pattern and practice*, during the relevant time period set forth herein, Defendants and other class members (*but not all*) who were scheduled to

| | |
|---|---|
| **CIVIL MINUTES—GENERAL** | **4** |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-07019-MWF (BFMx)          **Date:** November 13, 2024
**Title:**     Jasmine Torres v. SCIS Air Security Corporation et al.

> work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or without a rest period.

(Complaint ¶ 56) (emphasis added). The other relevant meal and rest period claims feature the same "pattern and practice" and "but not all" language that is highlighted above. (*See id.* ¶¶ 57-61, 68-70).

    Before addressing cases in this Circuit that unequivocally explain that "pattern and practice" allegations do not support a 100% violation rate, the Court first notes that the plain language of allegations like the one quoted above cannot possibly be consistent with a 100% violation rate. Defendant implicitly assumes in its calculated number of applicable work weeks that all employees lost five meal and rest periods each week, whereas Plaintiff's Complaint explicitly states that "not all" employees were denied meal and rest periods. (*See, e.g.*, *id.* ¶ 56). Plaintiff's allegation above also states that employees were required to work for certain periods of time without a meal period "and/or" without a rest period. (*Id.*). If the allegation were truly that every employee did not receive break periods to which they were entitled during every shift, there would be no use for the conjunction "or." The "and/or" construction presupposes the existence of at least three types of employees: those required to work without meal periods, those required to work without rest periods, and those required to work without both. That is plainly inconsistent with a 100% violation rate for both meal and rest periods.

    As Plaintiff explains in her Motion, the Ninth Circuit has explicitly held that "pattern and practice" allegations do not support a 100% violation rate, "unless the plaintiffs 'allege that the pattern and practice was universally followed every time the wage and hour violation could arise.'" (Motion at 7 (quoting *Ibarra*, 775 F.3d at 1199)). That a pattern and practice was universally followed could be substantiated by allegations that there was a "uniform" or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 24-07019-MWF (BFMx) | **Date:** November 13, 2024 |
| **Title:** Jasmine Torres v. SCIS Air Security Corporation et al. | |

"systematic" practice occurring at "all material times", but no such allegations appear here. *Duberry v. J. Crew Grp., Inc.*, No. CV 14-08810-SVW (MRWx), 2015 WL 4575018, at *6 (C.D. Cal. July 28, 2015).

Defendant argues that its assumed 100% violation rate is appropriate because the allegations in the Complaint are "broad" and "unqualified," and that they are in fact allegations of uniform, systematic violations. (Opposition at 9). Defendant bases this argument on several allegations in the Complaint that it gravely misreads, addressed below:

- "Plaintiff and other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants. (Compl., ¶ 23)." This allegation does not state that *every* putative class member worked eight hours in a day and forty hours in a week, which casts doubt on the number of workweeks Defendant uses to underlie its calculations. Again, the presence of the "and/or" conjunction makes such an assumption unreasonable.

- "Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a ***pattern and practice of wage abuse*** against their hourly-paid or non-exempt employees within the State of California. This scheme involved, inter alia, ***failing to pay them for all hours worked, and failing to provide legally mandated meal and rest breaks or pay related premium wages in lieu thereof***, in violation of California law." (Compl., ¶ 24.). Defendant appears to simply misread this allegation. This allegation does not mean that Defendant failed to pay Plaintiff and putative class members for ***all*** hours worked or that the failure to provide meal and rest breaks occurred every day to all employees. It simply means that Plaintiff and the putative class members were not paid for *every* hour worked, and that they did not receive certain meal and rest breaks to which they were entitled.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-07019-MWF (BFMx)          **Date:** **November 13, 2024**
**Title:**     Jasmine Torres v. SCIS Air Security Corporation et al.

- "Plaintiff is informed and believes, and based thereon alleges, that Defendants *failed to provide Plaintiff and other class members the required rest and meal periods during the relevant time period* as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to *any and all applicable penalties*. (Compl., ¶ 26.). It is unclear how Defendant believes this supports a 100% violation rate. The first highlighted language is addressed above. That Plaintiff is entitled to any and all applicable penalties is a truism that has nothing to do with any violation rate.

- "Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and other class members were *entitled to receive all timely and complete meal periods or payment of one additional hour of pay at Plaintiff's and other class members' regular rate of pay* when a meal period was missed, late or interrupted, and that *Plaintiff and other class members did not receive all timely and proper meal periods or payment of one additional hour of pay* at their regular rate of pay when a meal period was missed. (Compl., ¶ 27.)." Again, this does not mean that Plaintiff and putative class members did not receive *all* meal breaks, but that they did not receive *every* meal break to which they were entitled. Further, the use of the phrase "when a meal period was missed, late or interrupted" implies that Plaintiff and putative class members did in fact receive certain meal breaks, far from Defendant's asserted 100% violation rate.

Given Defendant's failure to put forward any evidence or reasonable assumptions supporting its 100% violation rate for meal and rest periods, the Court cannot determine that it met its burden to show the amount in controversy exceeds $5,000,000 by a preponderance of the evidence. *Dart Cherokee Basin Operating Co.*, 574 U.S. at 82.

This is so because the meal and rest break violations are central to Defendant's claim to federal jurisdiction. Again, as Plaintiff points out, even a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-07019-MWF (BFMx)          **Date:** **November 13, 2024**
**Title:**     Jasmine Torres v. SCIS Air Security Corporation et al.

50% violation rate would be insufficient for Defendant to bring this action in federal court based on Defendant's own calculations. (Reply at 14-15). And "pattern and practice" allegations have already been viewed by other district courts (including this Court) not to support even a 50% violation rate, or any violation rate, without evidence. *See Sanders v. Old Dominion Freight Line, Inc.*, No. 16-CV-2837-CAB-NLS, 2017 WL 5973566, at *4 (S.D. Cal. Feb. 2, 2017) ("[P]erhaps in tacit acknowledgment that using a 100% violation rate would not be reasonable, [Defendant] assumes only a 50% violation rate. . . . However, without evidence to support this violation rate, the use of a 50% violation rate (or virtually any violation rate for that matter) is completely arbitrary and little more than speculation and conjecture."); *Koreisz v. On Q Financial*, No. CV 18-08662-MWF (SSx), 2018 WL 6567694, at *3 (C.D. Cal. Dec. 12, 2018) (applying *Sanders* in ruling that assumed violation rates of 50% to 100% for "pattern and practice" violations were unreasonable).

## III. CONCLUSION

The Motion is **GRANTED** and the action is **REMANDED** to Los Angeles County Superior Court.

IT IS SO ORDERED.